UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PURSUIT OPPORTUNITY FUND I MASTER LTD., PURSUIT OPPORTUNITY FUND I, L.P., and PURSUIT OPPORTUNITY FUND I, LTD., *Plaintiffs*, | ) ) ) ) ) ) ) | 3:19-CV-01839 (KAD) |
| v. | ) ) | |
| CLARIDGE ASSOCIATES, LLC, JAMISCOTT LLC, LESLIE SCHNEIDER, and LILLIAN SCHNEIDER, *Defendants*. | ) ) ) ) ) ) | JUNE 18, 2020 |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge

This action is the latest in a series of lawsuits involving the Pursuit Hedge Fund group and its investors. The plaintiffs—Pursuit Opportunity Fund I Master Ltd. ("POF Master"), Pursuit Opportunity Fund I, L.P., and Pursuit Opportunity Fund I, Ltd.—(collectively, "POF") are a group of investment funds affiliated with the Pursuit Hedge Fund group. The defendants—Claridge Associates, LLC, Jamiscott LLC, Leslie Schneider, and Lillian Schneider—(collectively, the "Defendants") are limited partners in an investment limited partnership known as the Pursuit Capital Management Fund I, L.P. POF contends that two of the still-pending cases brought by the Defendants against some or all of the POF plaintiffs constitute an abuse of process. The Defendants seek dismissal of the complaint on the grounds that POF's claims are premature while the underlying litigation remains pending. For the reasons to follow, the motion to dismiss is GRANTED.

**Background**

As relevant to the instant case, the Defendants have two still-pending lawsuits against various affiliates of the Pursuit Hedge Fund (collectively, the "Underlying Lawsuits"). The first action is a civil suit brought in the Superior Court for the State of Connecticut, *Claridge Associates, LLC v. Pursuit Partners, LLC*, FST-CV15-6026069-S (Conn. Super. Ct. filed Aug. 10, 2015). (Compl. at ¶ 28.) POF Master is the only plaintiff in this action that is also a defendant in the Connecticut state action. (*Id.* at ¶ 29.) The second action is an adversarial proceeding brought in the United States Bankruptcy Court for the District of Delaware, *Claridge Associates, LLC v. Schepis*, No. 16-50083 (LSS) (Bankr. D. Del. filed Feb. 25, 2016). (*Id.* at ¶ 30.) All plaintiffs in this action are defendants in the adversarial bankruptcy proceeding in Delaware. (*Id.* at ¶ 31.)

On November 15, 2019, POF filed the instant lawsuit. POF alleges that the Defendants were aware at the time that they instituted the Underlying Lawsuits that these suits "lacked probable cause and legal and factual basis"; (*id.* at ¶ 32); and that these suits were intended to gain leverage over POF and coerce monies out of them; (*id.* at ¶¶ 33–34.) The complaint states three causes of action: (1) abuse of process, (2) tortious interference with business expectations, and (3) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*., ("CUTPA"). Each count is premised on the Defendants' allegedly improper prosecution of the Underlying Lawsuits.

**Standard of Review**

As a preliminary matter, the parties dispute whether a motion to dismiss under these circumstances is properly analyzed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure or a motion to dismiss for failure to state a claim under Rule 12(b)(6). The Defendants argue that their motion should be analyzed

under Rule 12(b)(1) because an abuse of process claim brought while the underlying litigation remains pending is premature and therefore not ripe for adjudication. POF responds that although Connecticut courts have used the concept of prematurity in this context, they have done so without conducting a standing or subject matter jurisdiction analysis and, therefore, the motion should be analyzed under Rule 12(b)(6). The Court agrees with POF.

"Often, the best way to think of constitutional ripeness is as a specific application of the actual injury aspect of Article III standing. The 'irreducible constitutional minimum of standing contains three elements': (1) 'the plaintiff must have suffered an injury in fact,' i.e., 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'; (2) 'there must be a causal connection between the injury and the conduct complained of'; and (3) 'it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) (quotation marks, citations, alterations, and footnotes omitted). Constitutional ripeness, in other words, turns on the first *Lujan* factor—to say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not actual or imminent, but instead conjectural or hypothetical." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (citations omitted; footnote omitted; internal quotation marks omitted).

"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." *Larobina v. McDonald*, 274 Conn. 394, 403 (2005) (citation omitted; internal quotation marks omitted). Although favorable termination of the underlying action is not a prerequisite for an abuse of process claim, the Connecticut Supreme Court held in *Larobina* that an abuse of process claim is nonetheless "premature" and, therefore, subject to dismissal while the underlying litigation

3

remains pending. *Id.* at 407–08. Critically, this holding was not driven by constitutional ripeness concerns.[1] It was driven by three policy considerations. First, the court noted that "it is apparent that the eventual outcome of that action and the evidence presented by the parties therein would be relevant in litigating an abuse of process claim." *Id*. at 407. Second, the court wanted to avoid the trial court having "to litigate the issues twice," as the issues raised in the plaintiff's abuse of process claim were the same as those in the underlying litigation. *Id.* at 408. Third, the court was concerned that permitting the plaintiff's claim to proceed "could subject the courts to a flood of similarly duplicative claims and effectively chill the vigorous representation of clients by their attorneys." *Id.* None of these concerns implicate constitutional ripeness.[2]

So it is not surprising that in the vast majority of cases since *Larobina*, premature abuse of process claims have been disposed of by way of a motion to dismiss under Rule 12(b)(6), a motion to strike,[3] or a motion for summary judgment.[4] *E.g.*, *U.S. Bank Nat'l Ass'n v. Bennett*, 195 Conn. App. 96, 107–08 (2019) (summary judgment); *Pressman v. Purcell*, No. 17-cv-01918 (JCH), 2018 WL 6069099, at *1, *4 (D. Conn. Nov. 20, 2018) (dismissal under Rule 12(b)(6)); *Williams v.*

---

[1] In fact, the *Larobina* decision does not include any discussion of standing, ripeness, or subject matter jurisdiction. Rather, the court's analysis focused primarily on the issue of legal sufficiency, *i.e.*, whether the trial court properly concluded that the complaint failed to state a claim for which relief could be granted. *See Larobina*, 274 Conn. at 401–02.

[2] There is perhaps an argument that the Connecticut Supreme Court's analysis, and its concerns as to why it would be better to decide abuse of process claims after the resolution of the underlying litigation, raise issues of prudential ripeness, as opposed to constitutional ripeness. *See generally Nat'l Org. for Marriage, Inc.*, 714 F.3d at 687–88, 691–92 (discussing distinction between constitutional ripeness and prudential ripeness); *Simmonds v. I.N.S.*, 326 F.3d 351, 357–58 (2d Cir. 2003) (same). Prudential ripeness concerns "[are] not, strictly speaking, jurisdictional." *Horne v. Dep't of Agric*., 569 U.S. 513, 526 (2013). The parties have not raised this issue and even viewing *Larobina* as enunciating a rule of prudential ripeness would not change the outcome of the Court's decision. The Court, therefore, does not address the issue further.

[3] A motion to strike under the Connecticut Practice Book is akin to a motion to dismiss pursuant to Rule 12(b)(6). Conn. Practice Book § 10-39.

[4] The Defendants cite one case in which the court viewed a premature abuse of process claim as implicating subject matter jurisdiction. *Pursuit Partners, LLC v. Valentino*, No. FST-CV15-6026910-S, 2016 WL 6119128, at *1 (Conn. Super. Ct. Aug. 31, 2016). The court's conclusion in that case appears to have been based exclusively on the Connecticut Supreme Court's use of the term "premature" in *Larobina*, which it equated with a lack of ripeness. *Id*. While prematurity can equate to lack of ripeness in some circumstances, as discussed above, this Court does not believe that the *Larobina* court was using the concept of prematurity in this manner.


*Bean*, No. 16-cv-01633 (VAB), 2017 WL 5179231, at *7, *9 (D. Conn. Nov. 8, 2017) (dismissal under Rule 12(b)(6)); *Cokic v. Fiore Powersports, LLC*, No. AAN-CV16-6022190-S, 2017 WL 5244195, at *3 (Conn. Super. Ct. Oct. 11, 2017) ("on the basis of *Larobina*, trial courts have either stricken or entered judgment against counterclaims asserted by defendants alleging that a plaintiff's complaint constitutes an abuse of process") (collecting cases).  Accordingly, the Court concludes that the Defendants' motion to dismiss should be analyzed under Rule 12(b)(6).

The standard for deciding a motion to dismiss pursuant to Rule 12(b)(6) is well settled.  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.  Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

As discussed, the dispositive issue is whether a claim for abuse of process or other tort claims premised on an abuse of process may proceed while the underlying litigation on which the


claims are based remains pending.[5]  In seeking dismissal of the complaint, the Defendants assert that they cannot.  POF responds that an abuse of process claim may be dismissed as premature only when it will require the court to litigate the same issues twice, which, they argue, is not the case here.  The Court agrees with the Defendants.

**Abuse of Process**

As discussed above, in *Larobina* the Connecticut Supreme Court held that an abuse of process claim is "premature" and, therefore, subject to dismissal while the underlying litigation on which it is based remains pending.  *Larobina*, 274 Conn. at 407–08.  Following *Larobina*, state and federal courts have routinely struck, dismissed, or entered judgment regarding abuse of process claims brought while the underlying litigation remains pending.  *E.g.*, *Bennett*, 195 Conn. App. at 107–08 (holding trial court properly rendered summary judgment on defendant's abuse of process counterclaim where underlying litigation remained pending); *Pressman*, 2018 WL 6069099, at *4 (dismissing abuse of process counterclaim as premature where underlying litigation remained pending); *Williams*, 2017 WL 5179231, at *8–*9 (same); *Cokic*, 2017 WL 5244195, at *3 (collecting cases); *Schwartz*, 2005 WL 2206452, at *2 (dismissing abuse of process claim as premature where underlying zoning appeal remained pending).

Notwithstanding this precedent, and without authority of its own, POF argues that dismissal is required only when permitting the abuse of process claim to proceed would result in duplicative litigation.  First, this argument ignores the express reasoning in *Larobina*.  The concerns identified by the court in *Larobina* were not limited to the risk of duplicative litigation.  The court also recognized that the outcome of the underlying action and the evidence presented was relevant to the abuse of process claim.  It further expressed concern that allowing

---

[5] The Defendants also challenge whether POF has adequately pleaded its claims.  Because the Court concludes that POF's claims are premature, it need not reach this issue.

the abuse of process claim to proceed could result in a flood of similar claims, which would in turn chill vigorous representation by counsel. *Larobina*, 274 Conn. at 408; *see also Wes-Garde Components Grp., Inc. v. Carling Techs., Inc.*, No. HHD-CV09-5028121-S, 2010 WL 1497553, at \*6–\*7 (Conn. Super. Ct. Mar. 10, 2010) (Sheldon J.) (discussing how *Larobina* promotes vigorous prosecution of underlying claims). Notably, POF has not cited a single case where a court endorsed its approach and permitted an abuse of process claim to proceed while the underlying litigation remained pending.[6]

In any event, adjudication of POF's claims would result in duplicative litigation. POF's assertion that "this action does not seek to generally attack the propriety of the claims asserted in the Stamford and Delaware Lawsuits"; (Plf.'s Opp. Mem. at 22, ECF No. 22); is belied by the allegations in the complaint that the Defendants' claims in those cases are completely baseless and brought solely for nefarious purposes; (*e.g.*, Compl. at ¶¶ 33–34). Moreover, to prevail in its claim, POF must establish that the Underlying Lawsuits were initiated *primarily* to accomplish an improper purpose; proof of "an incidental motive of spite or an ulterior purpose of benefit to the defendant" is not enough. *Larobina*, 274 Conn. at 403–04. The merits of the Underlying Lawsuits will bear directly on the motives of the Defendants in bringing those actions. Thus, even the duplication of litigation concern is implicated in this case, making dismissal all the more appropriate.

Accordingly, Count One is dismissed.

---

[6] The Court located only one case in which an abuse of process counterclaim was permitted to proceed under the theory that *Larobina* was limited to second suits, not counterclaims. *Sakon v. Manager*, No. HHD-CV04-4004816-S, 2007 WL 2390903, at \*1 (Conn. Super. Ct. Aug. 3, 2007). *Sakon* appears to be an outlier, as courts routinely dismiss abuse of process claims brought as counterclaims. *Cokic*, 2017 WL 5244195, at \*3 (collecting cases); *e.g.*, *Pressman*, 2018 WL 6069099, at \*4 (dismissing abuse of process counterclaim based on on-going federal action). In any event, *Sakon* is inapposite to the instant case because POF has asserted its abuse of process claim by way of a second suit.

**Tortious Interference and CUTPA Claims**

The Defendants next contend that because POF's remaining claims are premised on the abuse of process claim, they too are premature.  POF does not respond to this argument; instead, it contends that these claims are adequately pleaded.

Although neither the Connecticut Supreme Court nor the Connecticut Appellate Court have weighed in on this issue, Connecticut trial courts consistently hold that tortious interference and CUTPA claims that are based on litigation misconduct are premature so long as the underlying litigation remains pending.  *E.g.*, *Marubeni Specialty Chemicals, Inc. v. Goldschneider*, No. FST-CV11-6010045-S, 2011 WL 4953431, at *2 (Conn. Super. Ct. Sept. 28, 2011) (dismissing tortious interference and CUTPA claims that were based on the same acts as the premature vexatious litigation and abuse of process claims); *Mangs v. Cowell*, No. KNL-CV10-6004007, 2010 WL 5573705, at *4 (Conn. Super. Ct. Dec. 8, 2010) ("The defendant may not validly file a counterclaim alleging a violation of CUTPA by asserting that the plaintiff's institution of the current, pending action is an abuse of process and thus an unfair trade practice."); *Wes-Garde Components Grp., Inc.*, 2010 WL 1497553, at *7–*11 (holding that *Larobina* applies with equal force to tortious interference and CUTPA claims).  On this issue, the Court finds particularly persuasive the thorough and well-reasoned decision of the court (Sheldon, J.) in *Wes-Garde Components Grp., Inc. v. Carling Techs., Inc.*, No. HHD-CV09-5028121-S, 2010 WL 1497553, at *6–*11 (Conn. Super. Ct. Mar. 10, 2010).

Accordingly, Counts Two and Three are dismissed.

**Conclusion**

For the reasons set forth above, the Defendants' motion to dismiss (ECF No. 18) is GRANTED.  The Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of June 2020.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE